UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Allen R. Morganstern (AM9470)
ALLEN R. MORGANSTERN, P.C.
355 Post Avenue
Suite 204
Westbury, New York 11590
(516) 739-8300
(516) 739-8390 (facsimile)
ATTORNEYS FOR DEFENDANT DINARO CREATIONS, LLC.

| | |
|---|---|
| MOLINO'S DIAMONDS, INC., d/b/a MOLINO JEWELERS <br><br> Plaintiff, <br><br> -against- <br><br> DINARO CREATIONS, LLC. and ALMOD DIAMONDS, LTD, d/b/a DIAMONDS INTERNATIONAL, <br><br> Defendants. | DINARO CREATIONS, LLC'S ANSWER TO COMPLAINT <br><br> 08 CV2898 (RJS) |

Defendant, Dinaro Creations, LLC, ("Dinaro") answers the Complaint of Plaintiff, Molino's Diamonds, Inc. (Molino's), in connection with Civil Action 08 CV2898 as follows:

1. Dinaro admits that Molino's purports to bring this action under the patent laws of the United States, Title 35 of the United States Code, and that this Court has jurisdiction over this action under the above statutes, including 35 U.S.C. § 101 et seq.

2. Dinaro admits that Molino's purports to bring this action under the patent laws of the United States, Title 35 of the United States Code, and that this Court has

jurisdiction over this action under the above statutes, including 28 U.S.C. §1338(a) and (b).

3. Dinaro admits that Molino's purports that Dinaro through its officers, agents and/or employees, transacts or is doing business in this District, including soliciting business in, shipping goods into this district, sales and derives substantial revenue from intrastate and interstate commerce, which has an effect in this district. Accordingly, venue is proper in this judicial district pursuant to 28 U. S. C. Section 1391 (c) and 1400(b).

4. Dinaro lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 4, and accordingly denies the same.

5. Dinaro lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 5, and accordingly denies the same.

6. Dinaro admits the allegations contained in paragraph 6 of the Complaint.

7. Dinaro lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 7, and accordingly denies the same.

8. Dinaro lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 8, and accordingly denies the same.

9. Dinaro denies the allegations in paragraph 9.

10. Dinaro lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 10, and accordingly denies the same.

11. Dinaro denies the allegations in paragraph 11.

12. Dinaro lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 12, and accordingly denies the same.

13. Dinaro repeats and realleges paragraphs 1-12 as if set forth herein at length.

14. Dinaro admits that Molino's purports that this is a claim for patent infringement arising under the patent law of the United States, Title 35, United States Code, Sections 101 et seq.

15. Dinaro denies the allegations in paragraph 15.

16. Dinaro denies the allegations in paragraph 16.

17. Dinaro denies the allegations in paragraph 17.

18. Dinaro denies the allegations in paragraph 18.

## AFFIRMATIVE DEFENSES

19. The claims of United States Patent Number 6,789,395 B2 (hereinafter the '395 Patent) are invalid for failing to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

20. Dinaro has not infringed any valid claim of the '395 Patent.

21. Dinaro is not liable for infringement of the '395 Patent.

22. Upon information and belief, Plaintiff is precluded from asserting that Dinaro infringes the '395 Patent because arguments or amendments made by the Plaintiff during prosecution of the '395 Patent estop the Plaintiff from asserting a range of equivalence broad enough to encompass any of Dinaro's products.

23. Upon information and belief, the '395 Patent is unenforceable due to Plaintiff's unclean hands during prosecution.

WHEREFORE, Defendant Molino's Diamonds demands judgment against Plaintiff as follows:

      A.    That the complaint is dismissed in its entirety and that Plaintiff take nothing therefrom;

      B.    That the Court declare that the '395 Patent is invalid and unenforceable;

      C.    That the Court declare that none of the products manufactured, used or sold by Dinaro infringe any claims of the '395 Patent;

      E.    That this Court award Dinaro its reasonable costs and attorneys fees pursuant to 35 U.S.C. §285;

      F.    That the Court grants such other and further relief as it may deem just and appropriate.

Dated: May 19, 2008              ALLEN R. MORGANSTERN, P. C.

By: _____
Allen R. Morganstern (AM 9420)
Attorneys for Defendant Dinaro Creations, LLC.
355 Post Avenue, Suite 204
Westbury, NY 11590

TO:    HOWARD C. MISKIN
        GLORIA TSUI-YIP
        WENDI OPPER UZAR
        MISKIN & TSUI-YIP, LLP.
        1350 Broadway, Suite 802
        New York, NY 10118

## CERTIFICATE OF SERVICE

I hereby certify that on this 20 day of May, 2008 I served a true and correct copy of the foregoing by prepaid postage, first class mail to:

HOWARD C. MISKIN
GLORIA TSUI-YIP
WENDI OPPER UZAR
MISKIN & TSUI-YIP, LLP.
1350 Broadway, Suite 802
New York, NY 10118

_____
Allen R. Morganstern